Dear Mr. Olinde:
On behalf of the Board of Commissioners (the "Board") of the St. George Fire Protection District No. 2 (the "District"), you requested the opinion of this office regarding the procedures to be followed to increase ad valorem taxes after a reassessment.
You advised that the voters of the District have authorized two separate ad valorem levies, one for 6.0 mills and the other for 4.0 mills. In 2000, a reassessment year, the East Baton Rouge Parish Assessor (the "Assessor") reassessed the District's millages from 6.0 mills to 5.75 mills and from 4.0 mills to 3.83 mills, for a total of 9.58 mills. In accordance with Article VII, Section 23 of the Louisiana Constitution, the Board gave public notice via advertisements in TheAdvocate that it would increase its millage back to the total authorized of 10.0 mills. After advertisement, the Board held a public hearing at which it unanimously raised its total millage back up to 10.0 mills. Notwithstanding that action, the Board set the District's 2000 total millage at 9.58 mills.
You advised that in May of 2001, the Board resolved to collect the entire 10.0 mills in 2001. Because it had advertised and held a public hearing in 2000 to raise the millage, the Board believed that it did not need to repeat the procedure in 2001. The Assessor has informed the Board that the Assessor's office believes that in order to collect the 10.0 mills in 2001, the Board must repeat the advertisement and public hearing procedure and gave the Board until October 1, 2001 to accomplish same. Because of the timing of the advertisement, the Board's second advertisement ran less than 30 days from the date of the public hearing.
Your first question is: Does the Board need to repeat the procedures set forth in Article VII, Section 23(C) when it followed these procedures in 2000 to increase its millage and counteract the reassessment?
Article VII, Section 23(A) provides for the first adjustment of ad valorem tax millages after enactment of the Constitution. Section 23(B) provides for subsequent adjustments and Section 23(C) provides for increasing millages. Sections (B) and (C) provide in pertinent part as follows:
 (B) . . . following implementation of each subsequent reappraisal and valuation required by paragraph (F) of Section 18 of this Article, the millages as fixed in each such implementation shall remain in effect unless changed as permitted by Paragraph (C) of this Section.
 (C) Nothing herein shall prohibit a taxing authority from collecting, in the year in which Sections 18 and 20 of this Article are implemented or in any subsequent year, a larger dollar amount of ad valorem taxes by (1) levying additional or increased millages as provided by law or (2) placing additional property on the tax rolls. Increases in the millage rate in excess of the rates established as provided by Paragraph (B) above but not in excess of the prior year's maximum authorized millage rate may be levied by two-thirds vote of the total membership of a taxing authority without further voter approval but only after a public hearing held in accordance with the open meetings law; however, in addition to any other requirements of the open meetings law, public notice of the time, place, and subject matter of such hearing shall be published on two separate days no less than thirty days before the public hearing. Such public notice shall be published in the official journal of the taxing authority, and other newspaper with a larger circulation within the taxing authority than the official journal of the taxing authority, if there is one. (Emphasis added).
In Ops.Atty.Gen. 82-758, 00-245 and 00-245(A), this office determined that the phrase "but not in excess of the prior year's maximum" should be interpreted as referring to the year prior to the last reassessment and not the year prior to which the taxing authority opts to increase its maximum authorized millage. See also, Ops.Atty.Gen. 93-339, 86-249, 01-295.
We have been advised by the Assessor that the authorized millage for the District in 1999, the year prior to the last assessment, was 10.0 mills. Under the above quoted constitutional provision, the District is authorized to increase the millage rate from 9.58 mills to 10.0 mills, after advertisement and a public hearing. The District followed these procedures in 2000. There is no requirement in the Constitution that the advertisement and public hearing occur more than once after reassessment. Accordingly, it is the opinion of this office that the District does not have to repeat the procedures set forth in Article VII, Section 23(C) when it had already followed these procedures in 2000.
Your second question is: If the Board is required to repeat the procedures of Article VII, Section 23(C), does the 30 day delay for the public hearing run from the date of the first advertisement or the date of the second advertisement.
The Constitution states: "public notice of the time, place, and subject matter of such hearing shall be published on two separate days no less than thirty days before the public hearing". It is the opinion of this office that two separate days no less than thirty days before the public hearing means exactly that, both publications must occur no less than thirty days prior to the public hearing.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RECEIVED: September 7, 2001
DATE RELEASED: September 18, 2001